UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ANGELA VEURINK,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>DR. JILL MURPHY<br><br>　　　　　　Defendant. | CIV. 18-4021<br><br>**PRE-TRIAL HEARING ORDER** |

The pre-trial hearing in this matter was held in Courtroom 1 on June 17, 2019. The Court held additional argument on Plaintiff's Motion for Partial Summary Judgment and addressed the motions in limine filed by the parties, Docs. 39 and 47, as well as other pre-trial matters. This Order will address the Court's ruling on the motions in limine filed by the parties and other pre-trial orders. The Court will rule on Plaintiff's Motion for Partial Summary Judgment in a separate Memorandum Opinion and Order. Accordingly, it is hereby ORDERED that:

1) Defendant's Motion in Limine 1, Doc. 39, seeking to exclude evidence of or reference to liability or malpractice insurance is granted. *See Hoffman v. Rover*, 359 N.W.2d 387, 391 (S.D. 1984) ("The fact that a defendant has liability insurance is not a relevant issue in a personal injury action); Fed. R. Evid. 411.

2) Defendant's Motion in Limine 2, Doc. 39, seeking to exclude evidence, testimony, or reference to alleged violations of the standard of care by Defendant that did not proximately cause any injury or damage is granted unless evidence is presented at trial that the alleged violation was a proximate cause of Plaintiff's injuries. *See Schmidt v. Petty*, 752 S.E.2d 690, 693 (N.C. Ct. App. 2013) (conducting an analysis under Fed. R. Evid. 403 and finding it was reasonable for the trial court to preclude testimony that the doctor violated the standard of care, when such violation was not a proximate cause of the alleged harm because the "jury is likely to attach great significance to expert testimony that a party violated the standard of care").

3) Defendant's Motion in Limine 3, Doc. 39, directing Plaintiff, her counsel, and all witnesses to refrain from making "golden rule" arguments is granted. Both Plaintiff and Defendant are precluded from making any "golden rule" arguments. *See Lovett ex rel. Lovett v. Union Pacific R.R. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000) (stating that the Golden Rule argument is "universally condemned because it encourages the jury to depart from

neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.") (internal quotations and citation omitted).

4) Defendant's Motion in Limine 4, Doc. 39, seeking to preclude any reference in the trial to jury verdicts in other cases, or arguments challenging the jury to award amounts commensurate with what other juries have awarded, is granted in part and denied in part. Plaintiff is precluded from advising the jury of the amount of a verdict in similar cases, *see* 75A Am. Jur. 2d Trial § 523 (2019) ("[M]ost courts find that it is improper, or even reversible error, for counsel in a civil case to advise the jury of the amount of the verdict in similar cases ...."); *Reetz v. Kinsman Marine Transit Co.*, 330 N.W.2d 638, 643 (Mich. 1982) (stating that references to multi-million dollar verdicts in other cases were improper and should not be permitted), but may ask questions of the jury during voir dire to determine any juror biases towards awarding damages in the present case, *Linden v. CNH Am., LLC*, 673 F.3d 829, 839 (8th Cir. 2012) (concluding that juror should have been dismissed for cause when he responded during voir dire questioning that he would place a greater burden on the plaintiff to award paint and suffering damages).

5) The Court reserves ruling until trial on Defendant's Motion in Limine 5, Doc. 39, seeking to preclude evidence or references that Plaintiff will require future medical care or incur future medical expenses as a result of Defendant's actions. Plaintiff's recovery for future medical care is limited to the cost of medical care reasonably certain to occur in the future. *See* South Dakota Pattern Jury Instructions Civil, 50-120-10 ("The law allows damages for detriment reasonably certain to result in the future. By their nature, all future happenings are somewhat uncertain. The fact and the cause of the loss must be established with reasonable certainty. Once future detriment is established, the law does not require certainty as to the amount of such damages. Thus, once the existence of such damages is established, recovery is not barred by uncertainty as to the measure or extent of damages, or the fact that they cannot be measured with exactness. On the other hand, an award of future damages cannot be based on conjecture, speculation, or mere possibility."); *see also Jorgenson v. Dronebarger*, 143 N.W.2d 869, 874 (S.D. 1966) ) ("The rule is well settled in this state to warrant an instruction and to sustain a recovery for future damages, the future effect of the injury, and either its permanency or duration, if not permanent, must be shown with reasonable certainty").

6) Defendant's Motion in Limine 6, Doc. 39, seeking to preclude evidence or references to the fact that Plaintiff is at an increased risk for complications if she elects to undergo revisionary surgery is denied to the extent it becomes relevant at trial to explain why Plaintiff has not yet undergone revisionary surgery. Such evidence is inadmissible to prove loss of chance damages since Dr. Steele "speculated" in his deposition testimony that the loss of chance of Plaintiff receiving smaller breasts without surgical complications in a revisionary operation was 10 percent—far less than the 50 percent required to recover loss of chance damages under South Dakota law. *See* SDCL § 20-9-1.1.

2

7) The Court reserves ruling on Defendant's Motion in Limine 7, Doc. 39, until trial. The Court's ruling on Defendant's Motion in Limine 7 is dependent on whether Plaintiff's fraud claim survives summary judgment.

8) Defendant's Motion in Limine 8, Doc. 39, seeking to preclude all evidence or references that Defendant allegedly attempted insurance fraud is granted in part. Dr. Steele will not be permitted to express any opinions on whether Defendant attempted insurance fraud because such an opinion is beyond his expertise as a medical doctor and is a determination to be made by the jury.

9) Defendant's Motion in Limine 9, Doc. 39, seeking to preclude references to the damages cap for medical malpractice actions in South Dakota or arguments that the damages cap is unconstitutional is not objected to by Plaintiff and is hereby granted.

10) The Court reserves ruling on Defendant's Motion in Limine 10, Doc. 39, seeking to preclude evidence or argument about criticisms of care provided by Defendant not rising to the level of a violation of the standard of care. In *Moussseau v. Schwartz*, the South Dakota Supreme Court stated that although a physician is not liable under South Dakota law for malpractice "simply by failing to possess the knowledge and skill ordinarily possessed by practitioners in the field," a deficit in the degree of knowledge and skill possessed by a practitioner from that ordinarily possessed by other practitioners in the field is relevant to whether the practitioner "*had and used* the skill and care which other practitioners in the field commonly possess and use." 756 N.W.2d 345, 354 (S.D. 2008) (emphasis added).

11) Plaintiff does not object to Defendant's Motion in Limine 11, Doc. 39, seeking to sequester all witnesses except the parties and their experts, and Defendant's Motion in Limine 11 is granted. *See* Fed. R. Evid. 615.

12) Defendant does not object to Plaintiff's Motion in Limine 1, Doc. 47, seeking to preclude any evidence or references that Defendant has never been previously sued or accused of wrongdoing and Plaintiff's Motion in Limine 1 is granted.

13) Plaintiff's Motion in Limine 2, Doc. 47, seeking to preclude evidence or references that Plaintiff signed consent forms and was informed about the risks of surgery is granted except that if Plaintiff's fraud and deceit claim survives summary judgment, Defendant may introduce testimony that Plaintiff signed a consent form for a mastopexy, but may not introduce any evidence that she was informed about the risks associated with the procedure. The fact that the Plaintiff signed a consent form for a mastopexy is relevant to whether Plaintiff relied on Defendant's alleged misrepresentation prior to surgery that she would perform a breast reduction and remove 250-350 grams per breast. Defendant will be precluded from introducing the mastopexy and other consent forms signed by Plaintiff as exhibits and Defendant will be precluded from introducing testimony or other evidence

3

that Plaintiff signed consent forms and was informed about the risks of her other non-breast related surgeries. *See Hillyer v. Midwest Gastrointestinal Ass., P.C.*, 883 N.W.2d 404, 410 (Neb. Ct. App. 2016) (following other jurisdictions in concluding that "evidence of informed consent and risk-of-surgery discussions is irrelevant and unfairly prejudicial where a plaintiff alleges only negligence, and not lack of informed consent.").

14) If Plaintiff's fraud and deceit claim survives summary judgment, Plaintiff may not submit evidence relating to Defendant's net worth until the Court holds a hearing on punitive damages. If the Court at that hearing allows the Plaintiff to present her request for punitive damages to the jury, then Defendant's net worth evidence may be presented to the jury. No worth evidence is to be mentioned in opening statement nor in voir dire.

15) The Court grants each party sixty (60) minutes for voir dire and thirty (30) minutes for opening statements.

16) Two (2) bound photocopies of exhibits and any objections by the parties to exhibits shall be delivered by each party to the Clerk's Office for the Court's use on or before Monday, July 8, 2019.

17) The jury trial shall begin on Monday, July 15, 2019. The Court will meet with counsel at 9:00 a.m. and the jury will be brought in at 9:30 a.m.

Dated this 20th day of June, 2019.

BY THE COURT:

*Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

*Matthew Thelen*